Filed 8/23/16  P. v. Moore CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GARY A. MOORE,<br><br>        Defendant and Appellant. | A146511<br><br>(Del Norte County<br>Super. Ct. No. CRF149056) |

Defendant Gary A. Moore appeals following a judgment entered pursuant to a no contest plea to a misdemeanor count of grand theft (Pen. Code, § 487);[1] felony counts for embezzlement and forgery were dismissed.  His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but has not done so.  Upon independent review of the record, we conclude no arguable issues are presented for review and affirm the judgment.

Section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause.  There are two exceptions:  (1) a challenge to a search and seizure ruling, as to which an appeal is proper under section 1538.5, subdivision (m); and (2) postplea sentencing issues.  (*People v. Shelton* (2006) 37 Cal.4th

_____

[1]  All further statutory references are to the Penal code unless otherwise indicated.

1

759, 766; see also *People v. Buttram* (2003) 30 Cal.4th 773, 780.) Since defendant's application for a certificate of probable cause was not granted, he is not able to challenge the validity of his plea or any other matter that preceded its entry, except as permitted under the exceptions. (*People v. Cole* (2001) 88 Cal.App.4th 850, 868.) Defendant made no suppression motion.

Defendant duly completed an advisement of rights, waiver, and plea form. The court adequately voir dired defendant and discussed with both the prosecutor and defense counsel the reason for resolving the felony embezzlement/forgery case by way of plea to misdemeanor grand theft. The prosecutor stated the victim, Bruce Gates, was "not necessarily happy about the misdemeanor offer," but the prosecution was going to face problems with the case "given the facts . . . discovered about how the business [owned by Gates and from which defendant stole funds] was run." Gates, who attended the change of plea hearing told the court he did not see why the way in which he ran his business should have any bearing on defendant's guilt. The court told Gates he would have an opportunity to be present at the restitution hearing and could provide input to the district attorney's office on that issue. The court then accepted defendant's no contest plea.

The prosecution told the court that while it considered the plea "open" for purposes of sentencing, it had told defendant it would not be seeking "additional jail." Defense counsel agreed that had been his understanding. The prosecution then proposed placing defendant on probation and retaining jurisdiction to order jail time if, at the time of the restitution hearing, the court concluded that was appropriate. Defense counsel did not object, and asked that the hearing be set after mid-November.

The court then placed defendant on informal probation for three years, imposed a fine of $671, scheduled the first installment to be paid within days and "defer[red] . . . the remainder of the sentencing to the conclusion of the restitution hearing."

The restitution hearing was continued numerous times. When the case was called some 10 months later before a different judge, Gates appeared with an attorney and maintained the court could and should reject the plea agreement. The case was continued

2

several more times, with Gates continuing to strongly object to the plea agreement and seeking to have the disposition reopened pending proof made at the restitution hearing.

The court finally proceeded with the restitution hearing without having resolved whether it had jurisdiction to reject the plea agreement.

At the restitution hearing, Gates testified, as did Crescent City Police Department Sergeant Justin Gill, and defendant. Sergeant Gill testified his investigation revealed that defendant, while working for Gates, had prepared over the course of about two years some $118,000 in checks purportedly signed by Gates and which Gates testified, in fact, did not bear his signature and were not authorized by him. Some of the checks were multiple checks for the amount of defendant's $461 fee for his part-time work. Other checks were written to "accounts" (such as a Sears account) of which Gates had no knowledge.

Defendant testified he took care of both Gates' business and personal financial affairs, including paying all bills and dealing with regulatory boards. According to defendant, Gates eventually asked him to "hang onto" and "accumulate" cash in connection with a business transaction and then told defendant to go ahead and sign checks. Defendant thereafter signed about 75 percent of the business' checks. He also, supposedly at Gates' request, manipulated bill paying and the holding of cash to minimize attachment efforts by a judgment creditor. He claimed a bag with $38,000 in cash was stolen from his house when he was arrested, but admitted he never told Gates about the burglary.

The prosecution acknowledged Gates "didn't keep books the way we think a normal business should be run," but asserted it had presented substantial evidence supporting restitution. The defense argued Gates had been part of scheme to hide cash, had authorized defendant to pay all the bills of the business and defendant had done so, sometimes creatively, and Gill could not establish any actual, legitimate loss. The court took the issue of restitution under submission pending its determination of whether it had "discretion" to "continue this sentencing" as the prior judge had apparently ordered.

3

The victim, Gates, then filed "supplemental points and authorities" on restitution. The court continued the case again to allow for responses.

At the next hearing, the court first addressed the issue of whether it had the "authority" to reject the plea and whether it had lost "jurisdiction" to sentence defendant. It was "clear" to the court that the judge who had taken the plea and granted probation "reserved jurisdiction to decide what kind of jail sentence or time would happen," depending on the amount of restitution. It also appeared to the court that the clerk's entry of judgment had been "done clearly in error" because sentencing was "not complete." The court then indicated it was "inclined" not to accept the plea agreement "as is" because it did not include any jail time for a theft ranging from $38,000 up to $118,000.

At this point, the prosecution advised the court that were it not for the plea, the district attorney would dismiss the case and not recharge it. Hearing this, the court allowed the plea to stand, stating it "clearly" had jurisdiction over the amount of jail time. The prosecution reiterated it was not seeking jail time, only restitution in the amount of $118,000, but acknowledged it had been an "open" plea to the court. The defense did not take issue with the court's jurisdiction as to jail time, but argued vigorously the prosecution had not proven there was any rational or legitimate basis for restitution.

Stating it did not find defendant's testimony "credible" and it found Gates' testimony "more credible," the court ruled the prosecution had made a prima facie showing of $118,887.71 in unauthorized checks. It further found defendant had not carried the burden that had shifted to him to present credible evidence the checks were authorized, noting, for example, defendant had not presented the court with a single check or bank statement that supported his assertion the money, at Gates' direction, went to pay company bills or had been "held." It also found Gates' testimony credible that defendant was to be paid monthly, and not weekly, as defendant claimed.

As to jail time, the court reaffirmed and conditioned the grant of probation on defendant serving 180 days in county jail. It also added an additional $1,600 in restitution for the attorney fees incurred by Gates. At the request of defendant, the court

4

stayed execution on the jail time and payment of restitution pending disposition of an appeal.

Having reviewed the entire postplea record, the court finds no arguable issues. Defendant was very ably represented by counsel throughout the plea and postplea proceedings. Restitution ultimately turned on credibility assessments by the trial court, matters well within the court's province as the finder of fact. The court correctly upheld defendant's no contest plea to the amended misdemeanor count and determined it retained jurisdiction to impose jail time—issues defendant never disputed. The amount of jail time imposed was also within the court's sound discretion.

## DISPOSITION

After a full review of the record, we find no arguable issues and affirm the judgment.

_____

Banke, J.

We concur:

_____

Margulies, Acting P. J.

_____

Dondero, J.